UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CRAIG KILGORE,

    Plaintiff,

v().

THOR MOTOR COACH, INC. *et al.*,

    Defendants.

CAUSE NO. 3:20-CV-00841 DRL-MGG

## OPINION & ORDER

On January 15, 2021, Thor Motor Coach, Inc. and Stout's RV Center, LLC d/b/a Camping World RV Sales, LLC each moved to dismiss Craig Kilgore's claims arising from a recreational vehicle's sale and repair. U.S. Bank, N.A. joined the motions. Mr. Kilgore requested leave to amend his complaint, which the court granted. Mr. Kilgore filed his amended complaint on February 2, 2021. Thor thereafter answered the amended complaint while Camping World and U.S Bank separately moved to dismiss. The court granted U.S. Bank's motion on April 1, 2021. The court now grants Camping World's motion to dismiss.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

A statute of limitations defense is an affirmative defense; a complaint need not anticipate or plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Dismissal under Rule 12(b)(6) on the basis of a statute of limitations defense may nonetheless be "appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

Generally, when a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). There is a narrow exception: a Rule 12(b)(6) motion can rest on critical documents, central to the claim and referenced in the complaint, *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735, such as the contract here, *Levenstein*, 164 F.3d at 347.

DISCUSSION

Camping World argues that Mr. Kilgore's four claims—violation of the Magnuson Moss Warranty Act (MMWA), breach of express warranty (contract), breach of implied warranty, and violation of Indiana's Deceptive Consumer Sales Act (IDCSA)—should be dismissed.[1] The company says the statute of limitations bars the warranty claims and that the company disclaimed such warranty claims in any event. The company also argues that the IDCSA claim fails under applicable pleading

---

[1] Mr. Kilgore also pleads "breach of Indiana's doctrine of equitable estoppel" as a cause of action. Equitable estoppel is a defense to the statute of limitations, not an independent cause of action. *See Town of New Chicago v. City of Lake Station ex rel. Lake Station Sanitary Dist.*, 939 N.E.2d 638, 653 (Ind. Ct. App. 2010) ("equitable estoppel is available only as a defense"); *Peters v. Gilead Scis., Inc.*, 533 F.3d 594, 599 (7th Cir. 2008) (Unlike promissory estoppel, "equitable estoppel, which operates defensively to bar the assertion of a claim or defense," is not an independent cause of action) (applying Indiana law).

standards. Mr. Kilgore responds in part. He argues that his amended complaint pleads a new cause of action—revocation of acceptance—and that the statute of limitations defense should yield to Indiana's equitable estoppel doctrine. The court applies Indiana law. *See Martin v. Thor Motor Coach Inc.,* 474 F. Supp.3d 978, 982-83 (N.D. Ind. 2020).

    A. *Indiana Doesn't Recognize "Revocation of Acceptance" as an Independent Cause of Action.*

Mr. Kilgore advances revocation of acceptance as a cause of action in argument, but even his amended complaint pleads this concept as a remedy. It is pleaded as a remedy right after a damages request and right before a request for attorney fees and costs [ECF 19 ¶ 150]. Indeed, it appears he is attempting to revoke his acceptance merely through the amended complaint: "Plaintiff revokes his acceptance of the [RV] . . . [and] seeks cancellation of the sales contract" [*id.*]. However problematic that may be, *see* Ind. Code § 26-1-2-608(2); *Smith v. Nexus RVs*, 468 F. Supp.3d 1012, 1028 (N.D. Ind. 2020), the simple fact remains that revocation of acceptance remains a remedy, not a claim.

Mr. Kilgore doesn't cite any Indiana law establishing revocation of acceptance as an independent cause of action—unsurprisingly as Indiana classifies revocation as a remedy only. By statute, Indiana allows a buyer to "revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it." Ind. Code § 26-1-2-608(1). The comments to this statute explicitly recognize revocation of acceptance as a remedy. *See id.* at cmts. 1 (describing revocation of acceptance and recovery of damages as "two remedies") & 4 ("this remedy will be generally resorted to only after" attempts at remedying a non-conformity).

Revocation of acceptance is contemplated only after a product fails to conform to the buyer's promised standard in a way that substantially impairs the product's value. *Id.* Breaching a promise in a contract or warranty is the threshold showing to invoke revocation of acceptance as a remedy, *see* Ind. Code § 26-1-2-608(1), an understanding underscored by case law, *see, e.g., Hudson v. Dave McIntire Chevrolet, Inc.*, 390 N.E.2d 179, 184 n.3 (Ind. Ct. App. 1979) ("the remedy of revocation after

3

acceptance"); *Jones v. Abriani*, 350 N.E.2d 635, 643 (Ind. Ct. App. 1976) ("revocation of acceptance would have been an acceptable remedy, but we believe that rejection would have been a more appropriate remedy"); *Smith v. Nexus RVs, LLC*, 468 F. Supp.3d at 1027 ("[r]evocation of acceptance purports to thrust the product back on the seller and thus triggers an altogether different remedy . . . than mere damages"); *Snow v. Forest River, Inc.*, 2018 U.S. Dist. LEXIS 206852, 11-13 (N.D. Ind. Dec. 7, 2018) (applying Indiana UCC principles to a dispute under Missouri law). Such a theory, even if properly pleaded, cannot stand alone as a UCC claim.

    B.  *Mr. Kilgore's Warranty Claims against Camping World Are Disclaimed and Untimely.*

Camping World disclaimed warranty responsibility, which came only from the manufacturer. Camping World sold the RV to Mr. Kilgore "As-Is." The purchase agreement, in bolded, underlined, and capitalized font, disclaimed all express and implied warranties and further provided that Camping World did not affirm or adopt any warranty extended by the manufacturer [ECF 23-1 at 2], as permitted by Indiana law. *See* Ind. Code §§ 26-1-3-316(1)-(2); *see, e.g., Wilson v. Royal Motor Sales, Inc.*, 812 N.E.2d 133, 139 (Ind. Ct. App. 2004); *Town & Country Ford, Inc. v. Busch*, 709 N.E.2d 1030, 1033 (Ind. Ct. App. 1999). The purchase agreement stated that it was not a warranty. It contained an integration clause noting that its written terms comprised the entire agreement between the two parties. It disclaimed the buyer's reliance on "verbal, unwritten, electronic or other communication of any nature not contained in" the agreement [ECF 23-1 at 2]. The contract plainly disclaimed warranty liability. Warranty responsibility, if any, rested with the manufacturer.

In addition, any warranty claim would be time-barred. The purchase agreement shortened the statute of limitations for any claim arising out of the contract or unit's purchase to one year from the date of sale. *See* Ind. Code § 26-1-2-725(1) (making one year reasonable). Mr. Kilgore signed the agreement on June 7, 2019. Under the purchase agreement, he had until June 7, 2020 to file suit against

4

Camping World. Because the original complaint was filed October 6, 2020, Mr. Kilgore's claims are time-barred absent equitable estoppel.

Under Indiana's equitable estoppel doctrine, if a seller's actions prevent a buyer from obtaining adequate knowledge to pursue a claim, then "equity will toll the statute of limitations until the equitable grounds cease to operate as a reason for delay." *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019) (quoting *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 690 (Ind. Ct. App. 2006)). For the doctrine to apply, the opposing party's conduct must "be of a sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder." *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990).

Mr. Kilgore pleads certain conversations in his amended complaint—in a rather convoluted paragraph 16 that trails on for 24 pages—hardly the short and plain statement demanded by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). A review of this paragraph nonetheless shows that any conversations about repairing the RV after the warranty period occurred only with Thor employees, not Camping World employees. Thus, neither the purchase agreement nor any after-the-fact conversation with Camping World independently created any warranty obligations by Camping World or equitably estops the statute of limitations for claims against the company.

This case is distinct from *Jacobs v. Thor Motor Coach, et al.*, 474 F. Supp.3d 987, 996 (N.D. Ind. 2020), on which Mr. Kilgore relies. In *Jacobs*, the court held that equitable estoppel prevented dismissal of arguably untimely claims against the RV manufacturer because the company made various representations about ongoing repairs outside the warranty term. *Id.* Here, any conversations of import didn't involve Camping World. Indeed, the amended complaint alleges that Mr. Kilgore began to bypass Camping World and deal directly with Thor seven months after the RV's purchase [ECF 19 at 11]. Mr. Kilgore wants to impute Thor's written warranty and its statements about warranty repairs to

5

Camping World but without arguing how or why they should be thus attributed. Whatever Mr. Kilgore's claims against Thor, they are not applicable here against Camping World.

The Magnuson-Moss Warranty Act operates only "as a gloss on . . . state law breach of warranty claims." *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011). Because the court has concluded that Mr. Kilgore cannot bring state warranty claims against Camping World, his MMWA claim against Camping World also must be dismissed. Loss of this federal claim against only one defendant leaves the court's subject matter jurisdiction nonetheless intact.

C. *Mr. Kilgore Fails to State an IDCSA Claim.*

Camping World argues that Mr. Kilgore's IDCSA claim falters under Rule 8 and *Twombly*, 550 U.S. at 570, because the amended complaint offers nothing more than threadbare recitation of the statute without any facts about what action was "unfair, abusive, or deceptive." *See* Ind. Code § 24-5-0.5-3(a). Mr. Kilgore offers no defense to this point. The court concurs with this assessment of the amended complaint. It presents more questions than it states plausible IDCSA theories. To the extent the theory rests on allegations of warranty breach, no warranty claim survives here; nor is a mine-run breach of warranty alone enough to constitute a deceptive act under the IDCSA. *See McKinney v. State*, 693 N.E.2d 65, 73 (Ind. 1998); *Litsinger v. Forest River, Inc.*, __ F. Supp.3d __, 2021 U.S. Dist. LEXIS 83190, 42-43 (N.D. Ind. 2021); *Castagna v. Newmar Corp.*, 340 F. Supp. 3d 728, 741 (N.D. Ind. 2018).

CONCLUSION

Accordingly, the court GRANTS Camping World's motion to dismiss [ECF 22]. There being no actionable claims against Camping World pleaded or able to be pursued, this order terminates Stout's RV Center, LLC d/b/a Camping World RV Sales, LLC as a party.

SO ORDERED.

June 30, 2021    *s/ Damon R. Leichty*
                 Judge, United States District Court